{¶ 76} I concur in the majority's disposition of Assignments of Error I through III. However, I respectfully dissent from the majority's disposition of appellant's Fourth Assignment of Error.
 {¶ 77} A trial judge or jury is not suited, absent expert testimony, to determine whether a given deviation from the testing protocol found in the NHTSA manual renders the results of the HGN test unreliable. The potential arises that his method did not skew the results even though he did not follow the procedure. This creates a problem because the officer does not have a background in statistical analysis, nor the methodology utilized by NHTSA in determining the reliability of the HGN, or the effect of any deviation from standard protocol.
 {¶ 78} The decisions in Schmitt and Homan make clear that absent strict compliance in the realm of any FST, such as the HGN, that is not a psychomotor test within the observations a layperson would make in assessing an individual's sobriety, and is not within a juror's common understanding, will not satisfy the threshold reliability standard for the admission of expert testimony pursuant to Evid. R. 702.
 {¶ 79} Absent strict compliance with the testing protocol, the HGN test would not be "admissible under the Rules of Evidence." R.C. 4511.19
(D) would mandate the exclusion of the HGN test by the trial court. Accordingly, the amended statute and Evid. R. 702 do not conflict.
 {¶ 80} It is unlikely that the average juror has any conception or understanding of what nystagmus means. It is a scientific term probably not familiar to most persons. The relationship of nystagmus to the consumption of alcohol or drugs is a scientific principle. The manifestation of nystagmus under different circumstances is also a scientific theory that would not be known by the average person. HGN testing is based on a scientific principle not generally known by lay jurors. State v. DeLong, 5th Dist. No. 02CA35, 2002-Ohio-5289 at ¶ 59-60.
 {¶ 81} Accordingly, for the reasons set forth in State v. Robinson,
5th Dist. No. 2004-CA-45, I would sustain appellant's Fourth Assignment of Error only as it pertains to the failure to administer the HGN test in substantial compliance with the NHTSA testing criteria.